42 So.3d 128 (2010)
I.S.T.
v.
R.W.B.
2080932.
Court of Civil Appeals of Alabama.
January 8, 2010.
Leonard F. Mikul, Bay Minette, for appellant.
Submitted on appellant's brief only.
THOMPSON, Presiding Judge.
In March 2008, R.W.B. ("the father") filed a complaint seeking to terminate the parental rights of his former wife, I.S.T. ("the mother"), to the parties' minor child, J.B. ("the child"). References in the record indicate that, at approximately the same time, the father also filed a separate action seeking to modify the visitation provisions of the judgments pertaining to the parties' divorce and their post-divorce litigation. The transcript of the ore tenus hearing in this matter indicates that the juvenile court considered the actions together and that it treated the modification-of-visitation claim to be moot after it reached its decision to terminate the mother's parental rights. On June 15, 2009, the juvenile court entered a judgment terminating the mother's parental rights to the child. The mother timely appealed.
One of the issues the mother raises on appeal is dispositive of this appeal. The mother argues that the juvenile court applied an incorrect legal standard in reaching its judgment. We agree.
Our legislature has specified that parental rights may be terminated only if the *129 trial court receives "clear and convincing evidence" supporting the termination. Specifically, the 1984 Child Protection Act, § 26-18-1 et seq., Ala.Code 1975, which governed actions pertaining to the termination of parental rights, specified, in part:
"If the court finds from clear and convincing evidence, competent, material, and relevant in nature, that the parents of a child are unable or unwilling to discharge their responsibilities to and for the child, or that the conduct or condition of the parents is such as to render them unable to properly care for the child and that such conduct or condition is unlikely to change in the foreseeable future, it may terminate the parental rights of the parents."
§ 26-18-7(a), Ala.Code 1975.[1]See also D.O. v. Calhoun County Dep't of Human Res., 859 So.2d 439, 443 (Ala.Civ.App.2003) ("A nonparent who seeks to terminate a parent's parental rights must prove by clear and convincing evidence that the children are dependent and that there are no viable alternatives to the termination of parental rights."); and Ex parte Beasley, 564 So.2d 950 (Ala.1990) (same).
In this case, at the conclusion of the ore tenus hearing, the juvenile court stated that it found, by clear and convincing evidence, that the mother's parental rights should be terminated. However, in its June 15, 2009, termination judgment, the juvenile court stated that it was terminating the mother's parental rights based upon a "preponderance of the evidence" rather than "clear and convincing evidence." The June 15, 2009, termination judgment applies an incorrect standard, i.e., the preponderance-of-the-evidence standard. Accordingly, we reverse the June 15, 2009, judgment and remand the cause for the juvenile court to enter a judgment determining whether the father presented clear and convincing evidence in support of his action seeking the termination of the mother's parental rights.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
NOTES
[1] By Act No. 2008-277, Ala. Acts 2008, § 26-18-7, Ala.Code 1975, was amended and renumbered as § 12-15-319, Ala.Code 1975, a part of the Alabama Juvenile Justice Act ("the AJJA"), § 12-15-101 et seq., Ala.Code 1975. Neither party has asserted that the AJJA applies to this action.